The Honorable Andrea Lea State Representative Post Office Box 1342 Russellville, Arkansas 72811-1342
Dear Representative Lea:
 I am writing in response to your question about vacancies in office of alderman in cities of the first class. You ask: The City of Russellville is a city of the first class and has a mayor-council form of government. As such, it is governed by A.C.A. § 14-43-310 regarding aldermen residing in their wards from which they are elected. If an alderman ceased to live in the ward from which they are elected, what entity has the authority to declare a vacancy in the alderman's position, the city council or a court?
RESPONSE
This opinion assumes that there is no question that the alderman has stopped residing in the appropriate ward.[1] Given that assumption, the answer to your question is, strictly speaking, "neither." When the alderman ceases to reside in the appropriate ward, his office is automatically vacant by operation of law.[2]
Thus, neither a court nor the city council would "declare a vacancy." Instead, the *Page 2 
vacancy occurs by operation of law, at which time the city council may fill it in the manner prescribed by A.C.A. § 14-43-411(Supp. 2009).
But, as my predecessor noted when addressing a similar question, [3] if the alderman refuses to leave his office after his change in residency, then, as a practical matter, one would have to involve the courts. In Opinion 2008-012, which is enclosed, I have outlined the three kinds of lawsuits that may be applicable in this scenario. Rather than repeat that analysis, I simply refer you to that opinion. In that court proceeding, the sole issue before the court would be whether the alderman has maintained the required residency. If the court determines that he has, then a vacancy never existed under section 14-43-310. If, however, the court determines that he has not maintained the required residency, then the court will simply recognize that, by virtue of the improper change in residency, a vacancy has existed since the change was made.
Assistant Attorney General Ryan Owsley prepared this opinion, which I hereby approve.
Sincerely,
DUSTIN MCDANIEL Attorney General
[1] Please see the two enclosed opinions outlining the rules governing the residency requirement, Op. Att'y Gen. Nos. 2004-203, 97-288.
[2] A.C.A. § 14-43-310 (Repl. 1998) ("If any duly elected alderman shall cease to reside in the ward from which he was elected that person shall be disqualified to hold office and avacancy shall exist which shall be filled as prescribed by law.") (Emphasis added.)
[3] Op. Att'y Gen. 95-401.